# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN J. JACKSON** | **CIVIL CASE #:** |
| **VERSUS** | **DISTRICT JUDGE:** |
| **JOSEPH LOPINTO IN HIS OFFICIAL CAPACITY AS SHERIFF OF JEFFERSON PARISH, GEORGE KISTER INDIVIDAULLY AND AS A DULY SWORN OFFICER WITH JEFFERSON PARISH SHERIFFS OFFICE AND OFFICER GEORGE ADAMS INDIVIDUALLY AND AS A DULY SWORN OFFICER WITH THE JEFFERSON PARISH SHERIFFS OFFICE** | **SECTION:** **MAGISTRATE JUDGE:** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW INTO COURT, by and through undersigned counsel, comes Ryan J. Jackson *(hereinafter referred to as "Mr. Jackson")*, a person of the full age of majority, citizen of the State of Louisiana and resident of Jefferson Parish, who files this *Original Complaint* against the above named Defendants and who respectfully represents as follows:

### A. Venue and Jurisdiction

1. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. Jurisdiction is founded on 28 USC §1331 and §1343, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

2. This Court's supplemental jurisdiction is also invoked, pursuant to 28 U.S.C. § 1367 as to all matters cognizable under the Louisiana Constitution of 1974 and dialectal laws of the State of Louisiana, including but not limited to Article 2315 of the Louisiana Civil Code.

3. Venue is proper in this Court as this is an action that took place in the Parish of Jefferson, State of Louisiana.

### B. Parties

1. **Plaintiff Ryan J. Jackson**, is of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana.

2. **Joseph Lopinto in his official capacity as Jefferson Parish Sheriff**, is a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana, who is the current duly elected Sheriff of Jefferson Parish, State of Louisiana.

3. **Newell Normand in his office capacity as former Jefferson Parish Sheriff**, is a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana, who at all times pertinent during the incident which is the subject of this litigation was the duly elected Sheriff of Jefferson Parish, State of Louisiana.

4. **Jefferson Parish Sheriff's Deputy George Kister**, is a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana, who at all times pertinent herein was a deputy with the Jefferson Parish Sheriff's Office.

5. **Jefferson Parish Sheriff's Deputy Derek Adams,** is a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana, who at all times pertinent herein was a deputy with the Jefferson Parish Sheriff's Office.

### C. Factual Allegations

1) On the morning of Tuesday April 4, 2017 Mr. Jackson purchased at private sale a 2010 Honda Accord in New Orleans, Louisiana;

2) Mr. Jackson then drove to Lucky's Title Agency on the Westbank of Jefferson Parish,

Louisiana in order to change the title of the 2010 Honda Accord he had purchased earlier that morning;

3) Mr. Jackson then picked up his friend and acquaintance Dominique Gougis in Gretna, Louisiana;

4) Mr. Jackson then picked up his friend and acquaintance Lance Stevens in the New Orleans East area of the City; he then headed back across the Mississippi River to the Westbank of Jefferson Parish.

5) Mr. Jackson stopped at the Shell Gas Station on Terry Parkway; Dominique Gougis exited the vehicle to purchase a soft-drink and snack items in the gas station mini-mart;

6) During this period and unbeknownst to Mr. Jackson, the Jefferson Parish Sheriff's Office – Project Star Division was conducting surveillance of the Shell Station, namely Jefferson Parish Sheriff's Office Detectives Derek Adams and George Kister.

7) While Mr. Gougis was in the store area, Mr. Jackson was seated in the driver's seat of his vehicle and Mr. Stevens occupied the rear seat of the vehicle;

8) Unbeknownst to Mr. Jackson, Lance Stevens was being observed by Detectives Kister and Adams pursuant to their surveillance of the Shell Station.

9) Mr. Jackson noticed two individuals approaching his vehicle, who are later determined to be Detectives Kister and Adams, who are unknown to him. At no time did the officers identify themselves as law enforcement;

10) Mr. Jackson placed his vehicle in drive to pull away from the parking space when, Detectives Kister and Adams drew their weapons, an AR-15 assault rifle and 9mm Glock handgun, and began firing at Mr. Jackson Mr. Stevens. Mr. Jackson was struck at least four (4) times from behind with rounds from the AR-15. Mr. Jackson lost consciousness and the vehicle he was

driving drove into a nearby drainage canal.

11) Mr. Jackson was then rushed via Emergency Medical Personnel to University Medical Center in New Orleans, Louisiana to receive medical treatment.

12) Mr. Jackson remained in a coma for a week in the hospital.

13) Mr. Jackson regained consciousness and remained in the hospital for another four (4) weeks recuperating from the injuries and surgeries required as a result of the multiple gunshot wounds from Detectives Kister and Adams.

14) Mr. Jacksons' left shoulder blade was shattered by the rounds. An artery was removed from his left leg and placed in his left arm as one of the rounds had severed the artery in his left arm;

15) Emergency room physicians were minutes away from amputating Mr. Jackson's left arm had the artery transplant not been successful.

16) Mr. Jackson's throat also received a large incision by emergency room physicians because a large amount of bullet fragments were scattered throughout his upper neck/throat area and the bleeding was blocking his airway to breath.

17) To date, multiple bullet fragments remain in Mr. Jackson's jaw and continue to cause pain and discomfort to Mr. Jackson. Mr. Jackson has no feeling in the entire right side of his mouth and jaw.

18) Mr. Jackson went through two surgeries while at University Medical Center in order to save his left arm. Currently, Mr. Jackson's entire left arm and left hand have no feeling in them and are paralyzed. Mr. Jackson has been informed by physicians that he will no longer have use of his left arm and left hand as they are paralyzed due to the multiple AR-15 rounds which struck his left shoulder and elbow area.

19) The named Officers violated Mr. Jackson civil rights by using deadly force to effectuate an arrest when no deadly force was required. It has been determined that over twenty (20) rounds were fired at Mr. Jackson and Lance Stevens.

20) The amount of force used against Mr. Jackson was excessive and unnecessary as the officers could not have reasonably feared for their lives;

21) Since the date of this incident, Mr. Jackson has not been able to return to work as he no longer has use of his left arm and left hand.

## D. Causes of Action

### A. 42 U.S.C. § 1983

1) Mr. Jackson re-alleges all prior Paragraphs.

2) The named Officers' actions were done in their individual capacities, and under color of State law.

3) The named Officers' actions were taken pursuant to customs, policies and practices of the Jefferson Parish Sheriff's Office or they were ratified, condoned, permitted or acquiesced in by those who make policy in the Jefferson Parish Sheriff's Department.

4) The named Officers' actions violated clearly established rights of the Plaintiff including, but not limited to, the duty to stop other officers who in their presence violate the following guaranteed right:

   a. The right to be free from excessive force (Fourth and Fourteenth Amendments);

5) The individual Officers' actions were done pursuant to customs, policies and/or practices of The Jefferson Parish Sheriff's Department, which were deliberately indifferent in the training, discipline and supervision of its supervisors and officers.

6) As a direct and proximate result of the Defendants' actions, Mr. Jackson suffered severe injuries and damages including those as set forth further below.

**B.** **Municipal Liability under 42 U.S.C. § 1983**

1) Mr. Jackson incorporates by reference the allegations set forth in Paragraphs above, as if fully set forth herein.

2) At all times herein, Defendant Jefferson Parish Sheriff's Department, acted with deliberate indifference to the constitutional rights of Mr. Jackson and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of Mr. Jackson's rights under the United States Constitution and Louisiana Constitution:

   a. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary use of force during investigations and/or arrests, who fail to provide proper medical treatment,

   b. Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendants knew or had actual notice using excessive force against suspects and others, who fail to provide proper medical treatment,

   c. Failing to intervene when it knew of improper use of force and failing to provide proper medical treatment; and,

   d. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the use of excessive force and the failure to provide proper medical treatment.

   e. Each of the aforementioned customs, policies, or practices was known to Defendants as highly likely and probable to cause violations of the United States Constitutional

Rights of Mr. Jackson and other individuals subject to improper and deadly use of force, and each was a moving force in the violations of Mr. Jackson's United States Constitutional Rights, as set forth herein.

### E. Damages

Mr. Jackson has suffered irreparable harm from the Defendants' policies, practices, procedures and customs as mentioned heretofore. The conduct of The Jefferson Parish Sheriff's Office and their employees deprived Mr. Jackson of equal protection under the law and constituted deliberate indifference toward his safety and welfare. As a direct and proximate result of the acts and omissions of The Jefferson Parish Sheriff's Office and their employees, Mr. Jackson has been injured in his person and property, and is entitled to damages in the amount of $5,000,000.00 *(Five Million dollars no cents)* for:

    a. Physical pain and suffering;

    b. Mental and emotional pain and suffering, including humiliation, aggravation, anxiety, inconvenience, fear, fright and intimidation;

    c. Deprivation of rights, privileges, and immunities secured to Plaintiff and all citizens;

    d. Punitive and exemplary damages to be assessed in the nature of a fine to ensure that such conduct as was used to victimize the Plaintiff is not used in the future against other citizens;

    e. Lost Wages, earnings, diminished work capacity and other economic support;

    f. Loss of consortium, society, and affection;

### F. Prayer for Relief

**Wherefore**, Plaintiff Ryan J. Jackson, prays that after due proceedings had, there be

judgment rendered herein in his favour and against Defendant Joseph Lopinto in his official capacity as Jefferson Parish Sheriff's Office, Former Sheriff Newell Normand in his official Capacity as Jefferson Parish Sheriff, Defendant Deputy George Kister and Defendant Deputy Derek Adams in the full sum of $5,000,000.00 *(Five Million dollars no cents)* in compensatory, punitive, general and special damages, and for such other relief as this Honorable Court may deem just and appropriate. Furthermore, the Plaintiff prays for all costs and expenses incurred in this litigation, and reasonable attorney's fees pursuant to 42 U.S.C. 1988.

### G. Jury Demand

Plaintiff Ryan P. Jackson respectfully requests that a jury be convened to try the factual issues of this matter.

Respectfully submitted by:

EDWIN M. SHORTY, JR. & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

*/s/ Edwin M. Shorty, Jr.*
_____
EDWIN M. SHORTY, JR., # 28421 (Lead Counsel)
NATHAN M. CHIANTELLA, # 35450
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (504) 207-1370
Fax:    (504) 207-0850
Email: eshorty@eshortylawoffice.com
Email: nchiantella@eshortylawoffice.com

THE KING LAW FIRM, L.L.C.

*/S/ FREDDIE KING, III*

_____
FREDDIE KING, III  #33923
300 HUEY P LONG AVE. SUITE E
GRETNA, LA 70053

*Counsel for Plaintiff, Ryan J. Jackson*

## **CERTIFICATE OF SERVICE**

I certify that on this the 4th day of April 4, 2018, a copy of the foregoing pleading was filed with the clerk of court using the CM/ECF system. Notice of this filing will be served upon all parties by operation of the Court's electronic filing system.

                                                  */s/ Edwin M. Shorty, Jr.*
                                                  EDWIN M. SHORTY, JR.